UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOVANNY RODRIGUEZ,

            Plaintiff,

-against-

DETECTIVE DONALD DERIENZO,

            Defendant.

20-CV-0087 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at U.S. Penitentiary Canaan in Waymart, Pennsylvania, brings this *pro se* action seeking the prosecution of Detective Donald Derienzo. By order dated January 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

In *United States v. Rodriguez*, No. 11-CR-0755-3 (JFK) (S.D.N.Y.), a jury found Jovanny Rodriguez guilty of conspiracy to commit Hobbs Act robbery; conspiracy to commit kidnapping; five counts of Hobbs Act Robbery; two counts of kidnapping; two counts of brandishing a firearm during and in relation to a crime of violence; and conspiracy to distribute with intent to distribute narcotics. On March 14, 2014, Rodriguez was sentenced to life imprisonment,[2] and on appeal, the Second Circuit affirmed the conviction. *See United States v. Rodriguez*, 761 Fed. App'x 53 (2019).[3]

In this complaint, Plaintiff Jovanny Rodriguez makes the following allegations. Detective DeRienzo testified at the grand jury proceedings to indict Plaintiff's co-defendants, Juan Marte and Jose Ortega. On the stand, Detective DeRienzo stated that on May 20, 2011, he met with Victim-1 and asked him to "look at a couple of photo arrays," and Victim-1 identified Juan Marte and Jose Ortega as among "the kidnappers." (*Id.* at 4.) Neither the grand jury proceedings nor the photo array at issue involved Plaintiff, who "was never [identified] through [a] photo array." (*Id.* at 7.)

At Plaintiff's criminal trial, Victim-1 testified that the attackers "didn't let [him] see them face-to-face." (*Id.* at 3.) He further testified, "I am not 100% percent sure as to their faces. So

---

[2] On September 19, 2017, the district court denied Rodriguez's motion for a reduction of sentence. *See Rodriguez*, No. 11-CR-755 (ECF 376) (S.D.N.Y. Sept. 19, 2017).

[3] In *Minaya v. United States*, 2019 WL 5686441 (Nov. 4, 2019), the Supreme Court vacated the judgment with respect to codefendant Oscar Minaya, based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and remanded for further proceedings. It appears that Plaintiff has not yet filed a motion under 28 U.S.C. § 2255 attacking his conviction. The deadline for such a motion is generally one year from the date judgment becomes final. 28 U.S.C. § 2255(d)(1)(A).

how can I see pictures?" The trial judge asked Victim-1, "Did they show picture[s] or not?" and Victim-1 responded "No." (*Id.* at 4.)

Plaintiff argues that Detective DeRienzo's false testimony that a victim had identified Marte and Ortega in a photo array "cause[d] the Juan Marte codefendants to coop[e]rate with authorities[,] who then implicated [Plaintiff Rodriguez's] alleged participation." (*Id.* at 7.) Plaintiff also claims that Detective DeRienzo's "investigatory report," and "sealed complaint," which state that on May 20, 2011, Victim-1 identified Marte and Ortega in a photo array as his kidnappers, violated Plaintiff's Due Process right to a fair trial by contaminating his own trial with false evidence.

Plaintiff "seeks to demonstrate . . . that [D]etective Donald DeRienzo satisfied the . . . elements [of Obstructing a Grand Jury, 18 U.S.C. § 1503, and Obstructing a Criminal Investigation, 18 U.S.C. § 1510] in which to sustain a conviction." (Compl., ECF 2 at 1.) He contends that Defendant DeRienzo "knowingly and willfully and with advance knowledge violated statute[s] 18 U.S.C. § 1001, 18 USC 1503 [and] 18 USC 1510" (*id.* at 7) and asserts that Defendant's actions are "punishable by conviction, sentence, and fine." (*Id.* at 8.)

## DISCUSSION

### A.     Private Prosecution

Plaintiff seeks to prosecute Detective DeRienzo for violating federal law prohibiting the obstruction of a grand jury, 18 U.S.C. § 1503, and the obstruction of a criminal investigation, 18 U.S.C. § 1510. An individual generally does not have an interest protected by the Due Process Clause in having "someone else arrested for a crime." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005). Plaintiff cannot initiate the arrest or prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)

3

("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). A prosecutor's discretionary authority to bring criminal actions is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's claim, seeking to prosecute Defendant DeRienzo, must therefore be dismissed.

**B.     Claims for False Grand Jury Testimony**

Plaintiff's allegations that Detective DeRienzo testified falsely before the grand jury could be construed as a civil claim under 42 U.S.C. § 1983 for fabrication of evidence. But a grand jury witness, including a law enforcement officer, "has absolute immunity from any § 1983 claim based on the witness' testimony," even if that testimony is perjurious. *Rehberg v. Paulk*, 566 U.S. 356, 365-70 (2012). Defendant DeRienzo is therefore absolutely immune from suit for a § 1983 claim based on allegations that he testified falsely to the grand jury. 28 U.S.C. § 1915(e)(2)(B)(iii).

"When a police officer claims absolute immunity for his grand jury testimony under *Rehberg*, the district court should determine whether the plaintiff can make out the elements of his § 1983 claim without resorting to the grand jury testimony. If the claim exists independently of the grand jury testimony, it is not 'based on' that testimony, as that term is used in *Rehberg*." *Coggins v. Buonora*, 776 F.3d 108, 112 (2d Cir. 2015) (holding that officer who falsified official documents related to the plaintiff's arrest, failed to complete an incident report, and conspired to create "an altered version of what transpired" was not entitled to absolute immunity). The Court therefore considers below whether Plaintiff can assert a fabrication-of-evidence claim that is independent of the grand jury testimony.

## C. Fabrication of Evidence Claim

When a government official manufactures false evidence against an accused, and the use of that fabricated evidence results in the deprivation of the accused's liberty, the official infringes the accused's constitutional right to a fair trial in a manner that may be redressable in a § 1983 action for damages. *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019) (noting that a claim for fabricated evidence "directly challenges —and thus necessarily threatens to impugn— the prosecution itself" and therefore generally requires favorable termination of the criminal proceedings); *Zahrey v. Coffey*, 221 F.3d 342, 348-350 (2d Cir. 2000).

To state a claim for the denial of a fair trial based on the fabrication of evidence, a plaintiff must plausibly allege that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). Testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong.

Courts addressing claims of fabrication of evidence have emphasized that plaintiffs must plead a causal link between the deprivation of liberty and the use of fabricated evidence – "a familiar concept in tort law, requiring both factual and proximate causation," *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014); *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 69-70 (3d Cir. 2017) (plaintiffs must allege a "meaningful connection" between the injury and the use of the fabricated evidence" and the evidence must be "so significant that it could have affected the outcome"); *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (plaintiff must show that fabricated evidence was (1) the "cause in fact" of the injury, *i.e.*, show that "the injury would not

have occurred in the absence of the conduct," and (2) the "proximate cause" of the injury, *i.e.*, that the injury was a foreseeable result of the conduct").

Here, Plaintiff contends that because of Defendant DeRienzo's false statements that the victim had identified photos of his codefendants (Marte and Ortega), they "coop[e]rate[d] with authorities" and implicated Plaintiff as having participated in the offense conduct. (ECF 2, at 7.) Even if it were true that Defendant fabricated information about Marte and Ortega's photo array identification, the harm to Plaintiff Rodriguez was not a foreseeable result of such misconduct. Put another way, the alleged fabrication involving Plaintiff's codefendants could not be considered a proximate cause of Plaintiff's conviction. Because Plaintiff's allegations fail to suggest that his own prosecution would not have proceeded in the absence of fabricated evidence, Plaintiff fails to state a claim of fabrication of evidence.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It would be futile to grant Plaintiff leave to amend his claims seeking to prosecute Defendant DeRienzo. It would also be futile to grant Plaintiff leave to amend to reassert his claim for false grand jury testimony or fabricated evidence involving Plaintiff's codefendants. The Court therefore dismisses Plaintiff's claims against Defendant DeRienzo for failure to state a claim and declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 7, 2020
        New York, New York

                                                COLLEEN McMAHON
                                                Chief United States District Judge